IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                          No. CR 10-0819 JB

JOEL PONCE-ALVAREZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum in Support of a Sentence That Is Sufficient But Not Greater Than Necessary, filed June 29, 2010 (Doc. 18).  The Court held a sentencing hearing on July 6, 2010.  The primary issue is whether the Court should vary from the advisory guideline range in fashioning an appropriate sentence for Defendant Joel Ponce-Alvarez under 18 U.S.C. § 3553(a).  Because the Court concludes some variance is appropriate given the circumstances of his re-entry, the Court will grant Ponce-Alvarez' request for a variance and sentence him to 9 months of incarceration for his illegal re-entry into the United States.

**PROCEDURAL BACKGROUND**

A one-count information charged Ponce-Alvarez with a violation of 8 U.S.C. § 1326(a) and (b) -- re-entry of a removed alien.  See Information, filed March 30, 2010 (Doc. 10). On March 30, 2010, Ponce-Alvarez entered a plea of guilty to the information, pursuant to a non-standard fast-track plea agreement, before a United States Magistrate Judge.  See Non-Standard Fast Track Plea Agreement, filed March 30, 2010 (Doc. 13).

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Ponce-Alvarez on May 3, 2010.  In the PSR, the USPO calculated Ponce-Alvarez' offense level to be 10 and his criminal history category to be IV, establishing a guideline imprisonment range of 15 to 21 months.  Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the non-standard fast-track plea agreement, which stipulates to an offense level of 9.  An offense level of 9 combined with a criminal history category of IV establishes a guideline imprisonment range of 12 to 18 months.

On June 29, 2010, Ponce-Alvarez filed a sentencing memorandum stating that he has no objection to the USPO's guideline calculation in the PSR and requesting the Court to grant a variance from the applicable guideline sentencing range.  See Sentencing Memo. at 5.  He requests that the Court impose a reasonable sentence and a sentence "as short as possible."  Sentencing Memo. at 6.  Specifically, he asks that the Court give him the shortest sentence which the Court deems reasonable given that he crossed the Mexico-United States border to get to Arkansas to see his sick aunt in Arkansas before she died.  See id.  The United States filed a response on July 1, 2010, arguing that it is opposed to any variance from the guideline imprisonment range of 12 to 18 months, and recommending 15 months, which is a mid-range sentence.  See United States' Response to Defendant's Sentencing Memorandum Filed June 29, 2010 (Doc. 18) at 8, filed July 1, 2010 (Doc. 19).

## ANALYSIS

Ponce-Alvarez' offense level is 9 and his criminal history category is IV, establishing a guideline imprisonment range of 12 to 18 months.  Ponce-Alvarez requests a variance from the advisory sentencing guideline range because of his family ties to the United States and because the factors in 18 U.S.C. § 3553(a) support a below-guideline sentence.  The Court has carefully

considered the guidelines and has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes, after careful consideration of the briefing and the circumstances in this case, that the punishment set forth in the guidelines is not appropriate for this offense. The Court believes that, while illegally entering the United States to visit a sick relative is not a sufficient basis alone for a variance, the § 3553(a) factors counsel in favor of a variance in this case, and the Court will therefore sentence Ponce-Alvarez to 9 months.

There is no dispute that Ponce-Alvarez' circumstances are unfortunate. There is also one aspect that makes his situation uncommon and extraordinary. While many other defendants who are convicted of illegal re-entry, like Ponce-Alvarez, have lived in the United States for numerous years, were educated in the United States, and have family members who are United States citizens and reside in the United States, Ponce-Alvarez makes a convincing case that he would not have returned to the United States but for his dying aunt, and that he has the structure in place in Mexico to keep and sustain him in Mexico. Ponce-Alvarez not only has ties to the United States -- alone usually insufficient to justify a variance; he also has sufficiently significant ties to Mexico and he may well not have irresistible urges to come back to the United States. He works as a self-employed mechanic in Mexico and he has a brother and sister in Chihuahua, Mexico. The Court believes that the reason he came back to the United States and the reason he may not come back is something extraordinary about Ponce-Alvarez' situation. While Ponce-Alvarez has accumulated a disturbing criminal history while in the United States, the Court has some optimism, based upon his recent life and work in Mexico, that he plans to remain in Mexico after this sentence and period of incarceration. Examining Ponce-Alvarez' previous immigration conviction and this offense has

proven that 8-months imprisonment -- which he previously received -- was insufficient to deter him from illegally reentering the United States and committing further crimes.  Nevertheless, the Court concludes that a sentence below the low-end of the applicable guideline range will be a sufficient sentence for Ponce-Alvarez.  Thus, to afford adequate deterrence, the Court finds that a sentence of 9 months is appropriate in this case.  A sentence of 9 months reflects the seriousness of the offense and promotes respect for the law.  The sentence also protects the public.  The Court believes that there is enough of a distinction between Ponce-Alvarez and other similarly situated defendants that this variance will not create an unwarranted sentencing disparity.  The Court does not believe that, because it concludes Ponce-Alvarez is entitled to a variance from the advisory guideline range based on some of the reasons that he has provided, a large number of defendants will also qualify for a variance of indeterminate lengths, or that the guidelines will cease to ensure uniformity between similarly situated defendants.  In the end, the Court finds that a sentence of 9 months fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 904-05 (10th Cir. 2008)("A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.") -- this sentence is more reasonable than one within the guidelines.  Finally, the Court believes a sentence of 9 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Joel Ponce-Alvarez' request for a variance in his Sentencing Memorandum is granted.  The Court sentences Defendant Joel Ponce-Alvarez to a term of 9 months in the custody of the Bureau of Prisons.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*


Jean A. McCray
Albuquerque, New Mexico

      *Attorney for the Defendant*