AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Joel Ponce-Alvarez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:10CR00819-001JB** |
| | USM Number: **17553-051** |
| | Defense Attorney: **Jean McCray, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a) and (b) | Reentry of a Removed Alien | 01/09/2010 | |

The defendant is sentenced as specified in pages 2 through **4** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| **Dona Ana** | **July 6, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **August 30, 2010** |
| | Date Signed |

Defendant: **Joel Ponce-Alvarez**
Case Number: **2:10CR00819-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **9 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Pursuant to Section 5D1.1(a), the Court will not impose a term of supervised release.**

**The Court incorporates its Memorandum Opinion and Order in United States v. Ponce-Alvarez, CR 10-0819 (D.N.M.), filed August 30, 2010 (Doc. 24). Ponce-Alvarez` offense level is 9 and his criminal history category is IV, establishing a guideline imprisonment range of 12 to 18 months. Ponce-Alvarez requests a variance from the advisory sentencing guideline range because of his family ties to the United States and because the factors in 18 U.S.C. § 3553(a) support a below-guideline sentence. The Court has carefully considered the guidelines and has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes, after careful consideration of the briefing and the circumstances in this case, that the punishment set forth in the guidelines is not appropriate for this offense. The Court believes that, while illegally entering the United States to visit a sick relative is not a sufficient basis alone for a variance, the
§ 3553(a) factors counsel in favor of a variance in this case, and the Court will therefore sentence Ponce-Alvarez to 9 months.**

**There is no dispute that Ponce-Alvarez` circumstances are unfortunate. There is also one aspect that makes his situation uncommon and extraordinary. While many other defendants who are convicted of illegal re-entry, like Ponce-Alvarez, have lived in the United States for numerous years, were educated in the United States, and have family members who are United States citizens and reside in the United States, Ponce-Alvarez makes a convincing case that he would not have returned to the United States but for his dying aunt, and that he has the structure in place in Mexico to keep and sustain him in Mexico. Ponce-Alvarez not only has ties to the United States -- alone usually insufficient to justify a variance; he also has sufficiently significant ties to Mexico and he may well not have irresistible urges to come back to the United States. He works as a self-employed mechanic in Mexico and he has a brother and sister in Chihuahua, Mexico. The Court believes that the reason he came back to the United States and the reason he may not come back is something extraordinary about Ponce-Alvarez` situation. While Ponce-Alvarez has accumulated a disturbing criminal history while in the United States, the Court has some optimism, based upon his recent life and work in Mexico, that he plans to remain in Mexico after this sentence and period of incarceration. Examining Ponce-Alvarez` previous immigration conviction and this offense has proven that 8-months imprisonment -- which he previously received -- was insufficient to deter him from illegally reentering the United States and committing further crimes. Nevertheless, the Court concludes that a sentence below the low-end of the applicable guideline range will be a sufficient sentence for Ponce-Alvarez. Thus, to afford adequate deterrence, the Court finds that a sentence of 9 months is appropriate in this case. A sentence of 9 months reflects the seriousness of the offense and promotes respect for the law. The sentence also protects the public. The Court believes that there is enough of a distinction between Ponce-Alvarez and other similarly situated defendants that this variance will not create an unwarranted sentencing disparity. The Court does not believe that, because it concludes Ponce-Alvarez is entitled to a variance from the advisory guideline range based on some of the reasons that he has provided, a large number of defendants will also qualify for a variance of indeterminate lengths, or that the guidelines will cease to ensure uniformity between similarly situated defendants. In the end, the Court finds that a sentence of 9 months fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Martinez-Barragan, 545 F.3d 894, 904-05 (10th Cir. 2008)("A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.") -- this sentence is more reasonable than one within the guidelines. Finally, the Court believes a sentence of 9 months is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.**

☐   The court makes these recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Joel Ponce-Alvarez**
Case Number: **2:10CR00819-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒         The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☐   In full immediately; or
B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.